IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ATC MAKENA LLC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCESS AZIZI KUULEI KAIAMA,<br>*Aliiaimoku 32nd Moi and All Assign Heirs*,<br><br>Defendant. | Civil No. 25-00236 MWJS-WRP<br><br>ORDER REMANDING ACTION |

## INTRODUCTION

On June 5, 2025, Princess Azizi Kuulei Kaiama filed a notice of removal of a state court case to this court.[1]  ECF No. 1.  That notice, however, did not state a basis for federal jurisdiction.  And so, on June 12, 2025, the court ordered Kaiama to show cause why the case should not be remanded to state court.  ECF No. 8.  The court cautioned Kaiama that failure to identify a basis for federal jurisdiction would result in remand of this action.  *See id.* at PageID.17-18.  Kaiama filed a response on June 20, 2025, ECF No. 10, but her response does not adequately address the deficiencies identified in the

---

[1]   Before removal to this court, the state case was pending before the Hawaiʻi Supreme Court, which accepted an application for writ of certiorari on May 21, 2025. *See ATC Makena N Golf LLC v. Kaiama*, Case No. SCWC-21-0000550 (May 21, 2025).

court's prior order. The court therefore REMANDS this case to state court for lack of subject matter jurisdiction.

## BACKGROUND

Although Kaiama has not supplied this court with the initial complaint filed in state court, the court may take judicial notice of that publicly filed document. *See* Complaint, *ATC Makena N Golf LLC v. Kaiama*, Civ. No. 2CCV-20-0000099 (Haw. Cir. Ct. Apr. 16, 2020). In the complaint, Plaintiffs allege that they are all limited liability companies doing business in Hawai'i and are the owners of record of a parcel of real property on Maui. *Id.* They allege that Defendant Kaiama entered their property; they further allege that she "erected or placed structures upon," "moved a trailer onto," "dumped refuse upon," and "cleared and removed vegetation on," Plaintiffs' property without their permission. *Id.* Moreover, Plaintiffs allege that ATC Makena LLC "repeatedly notified and requested" that Kaiama remove herself, her property, and her refuse from the property, but those efforts failed. *Id.* Plaintiffs brought claims of trespass and nuisance, seeking injunctive relief, as well as monetary damages. *Id.*

In the notice of removal, Kaiama alleges that she owns the land that Plaintiffs claim as their own, and the state court has no jurisdiction over the land to "allow any Foreigner to claim ownership" or hold title. ECF No. 1, at PageID.4. Specifically, she contends that the case should be removed because "pre existing Hawaiian Kingdom Monarch Laws . . . override Foreign Laws," and she generally alleges that the "case

arises under federal statute." *Id.* (emphasis omitted).  She expands on these allegations in the response to this court's order to show cause, explaining that "Plaintiffs are not Hawaiian by blood or heir to the ruling chiefs of Hawaii royal/noble House" and therefore Plaintiffs "are Trespassing and want [to] Steal land."  ECF No. 10, at PageID.19-20.  Kaiama also states that her title to the property "survived annexation by Congress [in] 1898" and that title "can't have been abrogated . . . unless terminated by acquisition under the Constitutional 'Takings' power with payment by full compensation."  *Id.* at PageID.21.  She further alleges that Plaintiffs have engaged in criminal coercion under 42 U.S.C. § 3617.  *Id.* at PageID.25.  In her notice of removal, Kaiama explains that she is seeking $1 billion in compensation for a "lawsuit fee" for the underlying case that she "won" in 2020.  *Id.* at PageID.24.

## **DISCUSSION**

As explained in the court's order to show cause, *see* ECF No. 8, a federal statute—28 U.S.C. § 1441—permits a defendant, in certain circumstances, to remove a civil action brought in state court to federal district court.  But federal removal "statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Hawaiʻi ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (cleaned up).

Moreover, district courts have an independent obligation to ensure that they have subject matter jurisdiction over each case before them.  *See Hertz Corp. v. Friend*,

3

559 U.S. 77, 94 (2010).  And "[i]f at any time before final judgment" it appears to a district court that it lacks subject matter jurisdiction, "the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

In this case, having met its obligation to examine whether subject matter jurisdiction exists, the court concludes that it does not.

1.  To begin with, federal question jurisdiction is not present.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Yet no such federal question appears on the face of the complaint here.  The complaint does not rely on a violation of federal law or the federal Constitution.  Instead, the claims rely purely on state law:  the complaint alleges claims of trespass and nuisance.

In her removal papers, Kaiama generally references the Takings Clause and the federal statute for criminal coercion.  But she has identified no federal questions that are presented in the complaint—and that pleading is the one that must establish the basis for federal question jurisdiction.  *See Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) ("For removal to be appropriate, a federal question must appear on the face of the complaint."); *see also Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (explaining that a defendant's notice of removal cannot supply the federal question if it does not appear in the complaint).

4

For these reasons, Kaiama has not met her burden to show that the court has federal question jurisdiction over this action.

2. Nor does diversity jurisdiction exist. To establish subject matter jurisdiction on diversity grounds, a party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that the controversy is between citizens of different states. 28 U.S.C. § 1332. Kaiama has not satisfied either of those requirements.

First, Kaiama has failed to establish that the amount in controversy is greater than $75,000. To determine that amount, the court must look to the underlying pleading. *See Roehm v. Ford Motor Co.*, CASE NO. 18cv1278, 2018 WL 4520542, at *1 (S.D. Cal. Sept. 21, 2018) ("For removal cases, the amount in controversy is determined based upon the complaint at the time of removal."). While the underlying complaint in this case broadly requests special, general, and punitive damages for trespass and nuisance, it does not state a specific dollar amount. And when "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (cleaned up). In her response to this court's order to show cause, Kaiama states that the amount of controversy is "1 billion" dollars. ECF No. 10, at PageID.24. But she does not identify how the claims in the complaint would support such a figure, and they do not appear to plausibly do so. *See Chavez*, 888

5

F.3d at 416 ("Conclusory allegations as to the amount in controversy are insufficient." (cleaned up)); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (noting that where "the complaint does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a *plausible* assertion of the amount at issue in its notice of removal" (emphasis added)).

Second, diversity jurisdiction requires complete diversity, meaning that all plaintiffs must be citizens of different states than all defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). But Kaiama has not identified her citizenship or that of the several Plaintiffs. The only relevant allegations in the underlying complaint are that Kaiama is a resident of the state of Hawaiʻi and that the corporate entity Plaintiffs are LLCs authorized to do business in the state. *See* Complaint, *ATC Makena N Golf LLC*, Civ. No. 2CCV-20-0000099. These allegations are insufficient to establish the citizenship of any of the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence." (citation omitted)); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). And although the court informed Kaiama that if she intends to rely on diversity

6

jurisdiction, she must identify the citizenship of each party—and although the court gave Kaiama an opportunity to supply that information—her supplemental submission did not do so. On this record, the court cannot conclude that there is complete diversity of citizenship between the parties, as required for diversity jurisdiction.

In any event, even if Kaiama had been able to adequately allege complete diversity between the parties, she would have faced yet another barrier to removal. Under 28 U.S.C. § 1441(b)(2), diversity jurisdiction is not an appropriate basis for removal where any defendant in the state court action "is a citizen of the State in which such action is brought." *See U.S. Bank Nat'l Ass'n v. Franco*, Civ. No. 16-00301, 2016 WL 5339680, at *4 (D. Haw. Sept. 1, 2016), *report and recommendation adopted*, Civ. No. 16-00301, 2016 WL 5329572 (D. Haw. Sept. 21, 2016). Accordingly, if Kaiama is in fact a citizen—rather than merely a resident—of Hawaiʻi, removal would be barred on the basis that she is a forum state defendant.

*   *   *

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction and the case must therefore be remanded to state court. *See* 28 U.S.C. § 1447(c). And because this order remanding for lack of subject matter jurisdiction "is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), it is not subject to reconsideration. *See Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th

7

Cir. 1988) (concluding that once a district court certifies a remand order based on § 1447(c), "it is divested of jurisdiction and can take no further action on the case").

## CONCLUSION

The court REMANDS this case to the Supreme Court of the State of Hawai'i. The Clerk is directed to close this case and transmit a certified copy of this Order to the Supreme Court of the State of Hawai'i.

IT IS SO ORDERED.

DATED: June 24, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00236 MWJS-WRP, *ATC Makena LLC*, et al. *v. Kaiama*; ORDER REMANDING ACTION